**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE,      )
     )
     )
    v.      )      ID No.: 0709006233
     )      Case No.: N22M-10-098 FJJ
     )
JAMES HARDWICK,      )
     )
    Defendant.      )

*Upon Consideration of Defendant's Petition for Return of Property*
**DENIED**

**ORDER**

Submitted: November 22, 2022
Decided: January 25, 2023

This 25th day of January, 2023, upon consideration of the *pro se* Petition for Return of Property[1] brought by Defendant James Hardwick, it appears to the Court that:

1. In 2007, a jury convicted Mr. Hardwick of twenty-nine counts of Rape in the First Degree[2] and two counts of Attempted Rape in the Second Degree.[3] As a result of a prior rape conviction of a step-daughter in Pennsylvania, Mr. Hardwick's sentences for Rape in the First Degree were enhanced to life imprisonment and his sentences for Attempted

---

[1] D.I. 72. Mr. Hardwick attached this petition to an improperly captioned "Demand for a New Trial" filed under Superior Court Criminal Rule 35(a). The Court addressed the Rule 35 Motion in a previous Order.
[2] 11 *Del. C.* § 773.
[3] 11 *Del. C.* § 531; 11 *Del. C.* § 772.

Rape in the Second Degree were enhanced to twenty-five years to life.[4]

All told, this Court sentenced Mr. Hardwick to thirty-one life sentences.[5]

The Delaware Supreme Court affirmed his convictions on direct appeal.[6]

2. On November 22, 2022, Mr. Hardwick filed this, a handwritten Petition for Return of Property pursuant to Superior Court Criminal Rule 41(e).[7] Through the petition, Mr. Hardwick moves to recover:

    i. A "silver long metal sword";

    ii. A "long black sword [with a] sheath";

    iii. Two "sheath knives";

    iv. Two "sets of nun-chucks";

    v. Five "folding knives";

    vi. A "throwing knife";

    vii. A "silver sheath knife"; and

    viii. "Assorted pornographic videos and DVDs."[8]

3. Procedurally, the petition is untimely. As the Delaware Supreme Court noted in *Buchanan v. State*, "a petition for return of property under Superior Court Criminal Rule 41(e) must be filed *within a year* of the

---

[4] *State v. Hardwick*, 2011 WL 2535559, at *1 (Del. Super. June 7, 2011).

[5] *Id.*

[6] *Hardwick v. State*, 971 A.2d 130 (Del. 2009).

[7] Del. Super. Ct. Crim. R. 41(e) ("A person aggrieved by the deprivation of property seized by the police may move the court for the return of property on the ground that such person is entitled to lawful possession of the property.").

[8] D.I. 72. This list is confined to the items seized from the "Master Bedroom." Mr. Hardwick also petitions for return of the "gray planner/address book" taken from his living room, the "notebooks" taken from another bedroom, the "Sony video camera [with] tapes" taken from the "First Floor Hallway," and the "Large Wire Dog Crate" taken from the "Rear Yard."

defendant's criminal sentencing."[9]  This Court sentenced Mr. Hardwick on August 29, 2008.[10]

4. Because the petition is time barred, the Court will not delve into why, after nearly sixteen years, Mr. Hardwick now seeks return of his weaponry and pornography.

5. Based on the foregoing, Mr. Hardwick's petition is **DENIED.**

**IT IS SO ORDERED.**

_/s/ Francis J. Jones, Jr._
Francis J. Jones, Jr., Judge

Original to Prothonotary (Criminal Division)

CC: James Hardwick
Diana Dunn, Deputy Attorney General

---

[9] *Buchanan v. State*, 998 A.2d 850 (Del. 2010) (TABLE) (internal citations omitted) (emphasis added).
[10] *Hardwick*, 971 A.2d at 133.